Katherine Batchelor v. Commissioner.
Batchelor v. Commissioner
Docket No. 6754-66.
United States Tax Court
T.C. Memo 1969-100; 1969 Tax Ct. Memo LEXIS 198; 28 T.C.M. (CCH) 546; T.C.M. (RIA) 69100; May 15, 1969, Filed Katherine Batchelor, pro se, 307 Will St., New York, N. Y. Richard J. Mandell, for the respondent. FORRESTER
Memorandum Findings of Fact and Opinion FORRESTER, Judge: Respondent has determined deficiencies in petitioner's income tax for the year 1965 in the amount of $256 which deficiency is based entirely upon his disallowance of three claimed dependency exemption deductions under sections 151(a), (e) and 152(a) (3) and (6) of the Internal Revenue Code of 1954. [1]
Katherine Batchelor, the petitioner, resided in New York City at the time her petition herein was filed and her return (joint) for the year in issue was filed with the *199 district director of internal revenue for the Manhattan district, New York, New York. During the year in issue petitioner was employed by Strand Cosmetics, Inc., in Brooklyn, New York, and reported salary income from said company in the amount of $3,355. She reported no other income and none was reported for her husband, Morgan, who filed jointly with her for such year. On such return regular exemptions were claimed for petitioner and her husband and three additional exemptions were claimed for petitioner's sister, Nancy G. Richardson, and two of the sister's children, namely: David W. Richardson, who was 7 years old in 1965, and Juanita Richardson, who was 10 years old in such year - claiming that she had furnished $500 toward the support of Nancy and $300 each toward the support of David and Juanita. During 1965 petitioner's sister, Nancy, lived in Moss Point, Mississippi, with her five children. Petitioner believed that they lived in a government housing project but she had never been to Mississippi and testified that she did not know for sure. Nancy would work "two or three weeks at a time" during 1965, and may have worked for a short time at the International Paper Mill *200 in Moss Point, but petitioner had no idea of her earnings for such year. Petitioner believed that during 1965 Nancy had received relief payments of "fifty some dollars [per month] for five children and a little food." Petitioner was quite vague as to how much money she had sent to Mississippi during 1965, testifying that she would send $10 or $15 at a time "during that whole year. Not every week, [sometimes] every other week." Petitioner also testified that on two occasions during 1965 she sent medium-sized boxes of clothes to her sister, Nancy, which were worth about $100 each. We are convinced that during the year 1965 petitioner did help all she could with the support of her sister and her sister's children and petitioner is to be commended for this effort. However, even giving her the benefit of every doubt, we could not find that she had made total contributions in excess of about $600 instead of the $1,100 which she showed on her return, and it goes without saying that petitioner has utterly failed her burden of showing that her contributions to the support of Nancy, David and Juanita amounted to over half of the support of those individuals for 1965. Petitioner's sister, *201 Nancy, had five children in 1965. Petitioner has claimed only two of them as her dependents but she has made no showing that some part of the money and the clothes which she sent to Moss Point, Mississippi, were not used in part for the three children whom she did not claim. Nancy, David and Juanita were all living with petitioner in New York at the time this case was tried but they were not produced as witnesses. If they had been it is possible that some of the gaps in petitioner's evidence would have been filled in. On the record before us we have no choice but to hold that petitioner has failed her burden of proof, consequently, Decision will be entered for the respondent. 547 Footnotes
1. All references are to the Internal Revenue Code of 1954.↩